NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| OMS INVESTMENTS, INC., | : | |
| | : | Civil Action No. 08-2681 (AET) |
| Plaintiff, | : | |
| | : | |
| v. | : | OPINION AND ORDER |
| | : | |
| LEBANON SEABOARD CORPORATION, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## I. INTRODUCTION

Currently before the Court is a Motion filed by Movant Brandesign ("Brandesign) to Quash a subpoena served by Plaintiff, OMS Investments, Inc. ("Plaintiff") [Docket Entry No. 1]. In the underlying case currently pending in the Southern District of Ohio, Plaintiff alleges that Defendant, Lebanon Seaboard Corporation, infringed the trade dress of Plaintiff's "Miracle Gro" and "Turf Builder" with its newly re-designed "Preen" products. This motion was considered without oral argument pursuant to FED.R.CIV.P. 78. For the following reasons and for good cause shown, Brandesign's Motion to Quash is DENIED but the scope of the subpoena is modified.

## II. STATEMENT OF FACTS

Plaintiff brought an action in the Southern District of Ohio for trade dress infringement against the Defendant, alleging that Defendant's "Preen" line intentionally copied Plaintiff's "Miracle Gro" and "Turf Builder" trade dress. Pl.'s Mem. in Opp'n at 1. Through discovery, Plaintiff learned that Brandesign assisted in the creation of Defendant's allegedly infringing design. Id. Subsequently, Plaintiff deposed Barbara Harrington, the President of Brandesign.

Id.  During the deposition, Ms. Harrington was unable to provide the names of any of the Brandesign employees who worked on the Preen product project or the identities of the authors of several handwritten notes regarding the Preen project.  Id.  Thereafter, Plaintiff served a subpoena on Brandesign, requesting the production of documents sufficient to identify all Brandesign employees from 2000 to present.  Id. at 2.  Brandesign then brought the motion currently at issue to quash that subpoena.

In its Motion to Quash the subpoena, Brandesign argues that Plaintiff is not entitled to the requested documents because the information is irrelevant to the pending litigation.  Brandesign Mem. Supp. Mot. Quash Subpoena at 2.  Brandesign states that it only worked for Lebanon on its Preen products from 2003-2005.  Id. at 3.  Brandesign further argues that even during that period, not all employees of Brandesign worked on the Preen project and therefore requests for information on those employees is overbroad.  Id.  Brandesign further argues that Plaintiff's request imposes an undue burden, relying primarily on the argument that the package design community is relatively small and if word were to spread that employee information is being disseminated, it would harm Brandesign's goodwill and reputation.  Id. at 6.

In its Opposition, Plaintiff argues that it is entitled to the information requested because it is directly relevant to its claims in the underlying action.  Pl.'s Mem. in Opp'n at 7.  Plaintiff further argues that the information requested does not place an undue burden on Brandesign and the subpoena is not overbroad.  Id. at 7.  In the interest of efficiency, Plaintiff offers to limit the scope of its subpoena to all documents sufficient to identify current and/or former employees who worked on the Preen Product packaging at issue.  Id. at 7-8.

**III. LEGAL ANALYSIS**

    **A. Legal Standard**

The scope of discovery in federal litigation is broad. FED.R.CIV.P. 26(b)(1). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Id. However, the Court has a responsibility to protect privacy and confidentiality interests. Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000). Hence, the Court has authority to "fashion a set of limitations that allow as much relevant material to be discovered as possible, while preventing unnecessary intrusions into legitimate interests that may be harmed by the discovery of material sought." Id. For instance, the Court has discretion to issue protective orders that impose limitations on the extent and matter of discovery where required "to protect a person or party from annoyance, embarrassment, oppression, or undue burden or expense." FED.R.CIV.P. 26(c). Any information sought by the parties need not be admissible at trial, but is discoverable if it appears reasonably calculated to lead to the discovery of admissible evidence. Id.

A Rule 45 subpoena served in conjunction with discovery must fall within the scope of proper discovery under FED.R.CIV.P. 26(b)(1). Transcor, Inc. v. Furney Charters, Inc., 212 F.R.D. 588, 591 (D. Kan. 2003). If a subpoena falls outside the scope of permissible discovery, the Court has authority to Quash or modify it upon a timely motion by the party served. FED.R.CIV.P. 45(c)(3). Specifically, four circumstances exist which require the Court to quash or modify a subpoena. Rule 45(c)(3)(A) provides that:

> (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
>
> (i) fails to allow reasonable time for compliance;

> (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides…,
>
> (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
>
> (iv) subjects a person to undue burden.

In this case, the Court finds the information sought by the subpoena to be relevant to the allegations made by the Plaintiff. The identities of the authors of notes written by a member of Brandesign while he or she was working on the allegedly infringing trade dress is certainly relevant to Plaintiff's underlying case of trade dress infringement. The Court cannot quash a subpoena that leads to unprivileged, relevant or admissible evidence. Transcor, Inc., 212 F.R.D. at 588; See DIRECTV, Inc., 2005 WL 1514187 at *3; 9 JAMES WM. MOORE, ET AL., Moore's Federal Practice ¶ 45.03 (3d ed. 2006).

Brandesign also classifies the subpoena as unduly burdensome. A subpoena is considered unduly burdensome when the Court finds that it "is unreasonable or oppressive." DIRECTV, Inc., 2005 WL 1514187 at *1 (citing Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395, 403 (D.C. Cir. 1984)). The party moving to quash has the heavy burden of demonstrating the unreasonableness or oppressiveness of the subpoena. Id.

A strict definition does not exist for "unreasonable or oppressive" requests, rather the Court must decide what meets this criteria on a case by case basis. Williams v. City of Dallas, 178 F.R.D. 103,109 (N.D. Tex. 1998). Courts have utilized the following factors in evaluating the reasonableness of a subpoena: (1) the party's need for the production; (2) the nature and importance of the litigation; (3) relevance; (4) the breadth of the request for the production; (5) the time period covered by the request; (6) the particularity with which the documents are

described; and (7) the burden imposed on the subpoenaed entity. 9 JAMES WM. MOORE, ET AL., Moore's Federal Practice ¶ 45.32 (3d ed. 2006); In re Auto. Refinishing Paint Antitrust Litig., 229 F.R.D. 482, 495 (E.D. Pa. 2005).

In the case at hand, Plaintiffs have stated their willingness to limit the scope of their subpoena to all documents sufficient to identify current and/or former employees who worked on the Preen Product packaging at issue. Pl.'s Mem. in Opp'n at 7-8. Therefore, it is unnecessary for this Court to evaluate whether the original subpoena is unduly burdensome and instead will evaluate the limited subpoena. The Court finds that information sufficient to identify employees who worked on a project between the years of 2003-2005, when the company, by its own admission, only employs 2-5 individuals at any time, is not unduly burdensome. As such, Brandesign's Motion to Quash the subpoena is denied, but the scope of the subpoena is limited to require all documents sufficient to identify current and/or former employees who worked on the Preen Product packaging at issue or in the alternative, Brandesign may provide the names of the authors of the handwritten notes at issue.

For the aforementioned reasons, IT IS on this 18th day of November, 2008,

ORDERED that Brandesign's Motion to Quash the subpoena issued by Plaintiffs is DENIED; and it is further

ORDERED that the scope of the subpoena is hereby limited to require all documents sufficient to identify current and/or former employees who worked on the Preen Product packaging at issue or in the alternative, Brandesign may provide the names of the authors of the handwritten notes at issue; and it is further

ORDERED that the Clerk of the Court terminate this Motion accordingly. [Docket Entry No. 1].

    <u>  s/ Tonianne J. Bongiovanni  </u>
**HON.  TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**